CROSBY & ASSOCIATES
David Crosby, Esq
Nevada Bar No. 3499
Troy Fox
Nevada Bar No. 11127
711 S. Eighth St.
Las Vegas, NV 89101

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

ARGEMINO DOMINGUEZ

    Debtor.

Case No.: 10-29572-LBR
Chapter 13

Hearing Date: OST

Hearing Time: OST

**MOTION TO RECONSIDER ORDER LIFTING STAY OR IN THE ALTERNATIVE MOTION TO RE-IMPOSE THE STAY**

COMES NOW, Debtor, Argemino Dominguez, by and through his counsel of record Crosby & Associates, and brings this Motion to Reconsider the Terminating of the Automatic Stay or in the Alternative Re-Impose the Stay against US BANK NATIONAL ASSOCIATION. This Motion is brought based on the attached Memorandum of Points and Authorities attached hereto.

Dated this 22nd day of April, 2011

Crosby & Associates

_____
Troy S. Fox
Nevada Bar No. 11127
Attorneys For Debtor

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## FACTS

1. Debtor filed this Chapter 13 on October 16, 2010.

2. Debtor is working with the Trustee to confirm his Chapter 13 plan.

3. Debtor is the title holder to property located at 4105 W. OAKEY BLVD. LAS VEGAS, NV 89102 (Subject Property).

4. On March 17, 2011, Creditor US Bank National Association filed a Motion for Relief From Stay on the Subject Property.

5. On April 7, 2010, Debtor, through his Counsel filed an Opposition to the Motion for Relief from Stay, indicating to the Court that the Debtor was intending to cram-down the Subject Property, as the property is necessary to the Debtor's reorganization and successful completion of the Chapter 13 Plan.

6. A hearing on the Motion was held on April 20, 2011 at 10:30am.

7. Debtor's attorney did not arrive for that hearing until shortly before 11:00 due to an unexpected conflict in the attorney's schedule.

8. By the time Debtor's Counsel arrived, the motion for relief had already been granted, although it is believed that the motion was granted because Debtor's Counsel was not present when the motion was called..

9. Debtor's counsel has filed a motion to value the property, which will be heard before this Court.  The Subject Property is rental property and is necessary to the reorganization of the debtor and for the Debtor to be able to complete a successful plan.

10. Debtor has been paying over $1200 a month to the Trustee, of which, $1063 per month is scheduled to be distributed to the Creditor upon confirmation of the plan. This money could be provided directly from the Trustee to the Creditor to ensure adequate protection to the Creditor until confirmation of the plan.

11. Debtor is current on plan payments and is working towards confirmation of the plan.

## LEGAL ARGUMENT

### A. Adequate Protection Can Be Provided To The Creditor.

Bankruptcy Code 11 USC Section 362 (d) (1) states that the Court may terminate, modify or condition stay:

> "for cause, including the lack of adequate protection of an interest in property of such party in interest;---"

In the present case, the Debtor is paying a sizable amount to the Trustee to provide for the cram-down of the property. This Court has on various other occasions been willing to order the Trustee to turn over those funds to the Creditor as adequate protection payments to ensure the creditor is not losing out while the plan confirmation is pending. Indeed, the $1063 would seem to be an amount in excess of any depreciation the Creditor is likely to suffer while the confirmation is pending. Additionally, by having the payment come from the Trustee, there will be a consistent record of the payments being made, and if the Debtor was to become 2 months behind on the payments to the Trustee, the Trustee would be seeking to dismiss the case. The Creditor would not need to bring another motion for relief or any other type of motion before this Court as either the payments would be made, or the case would be dismissed and the Creditor would have all rights they otherwise enjoy under state law.

### B. The Court Should Reconsider The Granting Of The Motion Under FRCP 60(b), and 11 U.S.C. 105.

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

It appears the primary reason the Court granted the Motion for Relief, even though it was opposed, was because Debtor's counsel was not present when the matter was called. As noted above, Debtor's counsel did appear, but was late and by the time

3

he arrived, the motion had been granted. Debtor's tardy appearance was not intentional, and it was an inadvertent mistake on the part of Counsel. It would not serve the interests of Justice to have a Debtor lose property necessary to his reorganization and necessary to the completion of the plan, because his counsel was tardy. This is a case of inadvertence or mistake and the Court has the authority and should use that authority to withdraw its order granting the lift of stay.

Bankruptcy Code 11 U.S.C. §105 also provides this Court with authority

> "to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

While Bankruptcy Code does allow for the Automatic Stay to be terminated, there must be "cause" for such termination. Here, payments for the property are being made, they are simply being made to the Trustee, pursuant to the plan currently on file with this Court. As stated before, this Court has the power to order the Trustee to begin to turn those funds over to the Creditor which will protect the creditor and allow the Debtor to confirm and complete their chapter 13 plan.

## CONLUSION

For the above reasons, Debtor requests this Court to reconsider it's Order Terminating the Automatic Stay as it relates to Secured Creditor.

DATED this 22nd day of April, 2011.

**Crosby & Associates**

Troy S. Fox
Nevada Bar No. 11127
Attorneys For Debtor

4